Helen F. Dalton & Associates, P.C.
Roman Avshalumov (RA 5508)
80-02 Kew Gardens Road, Suite 601
Kew Gardens, NY 11415
Telephone: 718-263-9591

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
VICTOR GONZALEZ SOTO, BAIRON ALVAREZ CARO, and
ROBERTO VARGAS, individually and on behalf of all others
similarly situated,

                              Plaintiffs,

    -against-

YALE TILE & STONE LLC, and FRANCESCO LORENTI, and
ANTHONY DATTOLO, as individuals,

                              Defendants.
-----------------------------------------------------------------X

**COLLECTIVE ACTION/CLASS ACTION COMPLAINT**

**JURY TRIAL DEMANDED**

1. Plaintiffs, **VICTOR GONZALEZ SOTO, BAIRON ALVAREZ CARO, and ROBERTO VARGAS, individually and on behalf of all others similarly situated**, (hereinafter referred to as "Plaintiffs"), by their attorneys at Helen F. Dalton & Associates, P.C., allege, upon personal knowledge as to themselves and upon information and belief as to other matters, as follows:

**PRELIMINARY STATEMENT**

2. Plaintiffs, **VICTOR GONZALEZ SOTO, BAIRON ALVAREZ CARO, and ROBERTO VARGAS, individually and on behalf of all others similarly situated**, through undersigned counsel, bring this action against **YALE TILE & STONE LLC, and FRANCESCO LORENTI, and ANTHONY DATTOLO, as individuals**, (hereinafter referred to as "Defendants"), to recover damages for egregious violations of state and federal wage and hour laws arising out of Plaintiffs' employment at YALE TILE & STONE LLC, located at 120 Glen Head Road, Glen Head, New York 11545.

1

3. As a result of the violations of Federal and New York State labor laws delineated below, Plaintiffs seek compensatory damages and liquidated damages in an amount exceeding $100,000.00. Plaintiffs also seek interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over Plaintiffs' federal claims pursuant to the FLSA, 29 U.S.C. §216 and 28 U.S.C. §1331.

5. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367.

6. Venue is proper in the EASTERN District of New York pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

7. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 & 2202.

## THE PARTIES

8. Plaintiff VICTOR GONZALEZ SOTO residing at 1107 Bryant Avenue, Bronx, New York 10459, was employed from in or around October 2015 until in or around June 2019 by Defendants at YALE TILE & STONE LLC, located at 120 Glen Head Road, Glen Head, New York 11545.

9. Plaintiff BAIRON ALVAREZ CARO residing at 83-12 Pettit Avenue, Flushing, New York 11373, was employed from in or around November 2015 until in or around June 2019 by Defendants at YALE TILE & STONE LLC, located at 120 Glen Head Road, Glen Head, New York 11545.

10. Plaintiff ROBERTO VARGAS residing at 1306 Fteley Avenue, Bronx, New York 10472, was employed from in or around August 2015 until in or around June 2019 by Defendants at YALE TILE & STONE LLC, located at 120 Glen Head Road, Glen Head, New York 11545.

11. Defendant, YALE TILE & STONE LLC is a corporation organized under the laws of New York.

12. Defendant, YALE TILE & STONE LLC is a corporation authorized to do business under the laws of New York.

13. Upon information and belief, Defendant, YALE TILE & STONE LLC is a corporation organized under the laws of New York with a principal executive office at 120 Glen Head Road, Glen Head, New York 11545.

14. Upon information and belief, Defendant FRANCESCO LORENTI owns and operates YALE TILE & STONE LLC,

15. Upon information and belief, Defendant FRANCESCO LORENTI is the Chief Executive Officer and President of YALE TILE & STONE LLC,

16. Upon information and belief, Defendant FRANCESCO LORENTI is an agent of YALE TILE & STONE LLC,

17. Upon information and belief, Defendant FRANCESCO LORENTI has power over personnel decisions at YALE TILE & STONE LLC,

18. Upon information and belief, Defendant FRANCESCO LORENTI has power over payroll decisions at YALE TILE & STONE LLC,

19. Defendant FRANCESCO LORENTI has the power to hire and fire employees, including the Plaintiffs, at YALE TILE & STONE LLC, establish and pay their wages, set their work schedule, and maintain their employment records.

20. Upon information and belief, Defendant ANTHONY DATTOLO owns and operates YALE TILE & STONE LLC,

21. Upon information and belief, Defendant ANTHONY DATTOLO is an agent of YALE TILE & STONE LLC,

22. Upon information and belief, Defendant ANTHONY DATTOLO has power over personnel decisions at YALE TILE & STONE LLC,

23. Upon information and belief, Defendant ANTHONY DATTOLO has power over payroll decisions at YALE TILE & STONE LLC,

24. Defendant ANTHONY DATTOLO has the power to hire and fire employees, including the Plaintiffs, at YALE TILE & STONE LLC, and maintain their employment records.

25. Defendant ANTHONY DATTOLO is responsible for assigning jobs to employees, including the Plaintiffs, at YALE TILE & STONE LLC, distributing their wages, and setting their work schedule.

26. During all relevant times herein, Defendant FRANCESCO LORENTI was Plaintiffs' employer within the meaning of the FLSA and NYLL.

27. During all relevant times herein, Defendant ANTHONY DATTOLO was Plaintiffs' employer within the meaning of the FLSA and NYLL.

28. On information and belief, YALE TILE & STONE LLC is, at present and has been at all times relevant to the allegation in the complaint, an enterprise engaged in interstate commerce within the meaning of the FLSA in that the entity (i) has had employees engaged in commerce or in the production of goods for commerce, and handle, sell or otherwise work on goods or material that have been moved in or produced for commerce by any person: and (ii) has had an annual gross volume of sales of not less than $500,000.00.

## FACTUAL ALLEGATIONS

29. Plaintiff VICTOR GONZALEZ SOTO was employed from in or around October 2015 until in or around June 2019 by Defendants at YALE TILE & STONE LLC.

30. During Plaintiff VICTOR GONZALEZ SOTO'S employment by Defendants, Plaintiff's primary duties were as a stone workers and installer, while performing other miscellaneous duties from in or around October 2015 until in or around June 2019.

31. Plaintiff VICTOR GONZALEZ SOTO was paid by Defendants approximately $25.00 per hour from in or around October 2015 until in or around 2017, and approximately $28.00 per hour from in or around 2018 until in or around June 2019.

32. Plaintiff worked approximately forty-eight (48) hours or more per week during his employment by Defendants from in or around October 2015 until in or around June 2019.

33. Although Plaintiff VICTOR GONZALEZ SOTO worked approximately forty-eight (48) hours or more per week during his employment by Defendants from in or around October 2015 until in or around June 2019, Defendants did not pay Plaintiff time and

a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

34. Plaintiff BAIRON ALVAREZ CARO was employed from in or around November 2015 until in or around June 2019 by Defendants at YALE TILE & STONE LLC.

35. During Plaintiff BAIRON ALVAREZ CARO's employment by Defendants, Plaintiff's primary duties were as a stone laborer and assistant, while performing other miscellaneous duties from in or around November 2015 until in or around June 2019.

36. Plaintiff BAIRON ALVAREZ CARO was paid by Defendants approximately $15.00 per hour from in or around November 2015 until in or around 2016, approximately $17.75 per hour from in or around 2017 to 2018, and approximately $20.00 per hour in or around 2019.

37. Plaintiff worked approximately forty-eight (48) hours or more per week during his employment by Defendants from in or around November 2015 until in or around June 2019.

38. Although Plaintiff BAIRON ALVAREZ CARO worked approximately forty-eight (48) hours or more per week during his employment by Defendants from in or around November 2015 until in or around June 2019, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

39. Plaintiff ROBERTO VARGAS was employed from in or around August 2015 until in or around June 2019 by Defendants at YALE TILE & STONE LLC.

40. During Plaintiff ROBERTO VARGAS'S employment by Defendants, Plaintiff's primary duties were as an assistant, stone workers, and installer, while performing other miscellaneous duties from in or around August 2015 until in or around June 2019.

41. Plaintiff ROBERTO VARGAS was paid by Defendants approximately $20.00 per hour from in or around August 2015 until in or around 2016, and approximately $25.00 per hour from in or around 2017 until in or around June 2019.

42. Plaintiff ROBERTO VARGAS worked approximately forty-eight (48) hours or more per week during his employment by Defendants from in or around August 2015 until in or around June 2019.

43. Although Plaintiff ROBERTO VARGAS worked approximately forty-eight (48) hours or more per week during his employment by Defendants from in or around August 2015 until in or around June 2019, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

44. Upon information and belief, Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place at the location of their employment as required by both the NYLL and the FLSA.

45. Upon information and belief, Defendants willfully failed to keep payroll records as required by both NYLL and the FLSA.

46. As a result of these violations of Federal and New York State labor laws, Plaintiffs seek compensatory damages and liquidated damages in an amount exceeding $100,000.00. Plaintiff also seeks interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## FEDERAL RULE OF CIVIL PROCEDURE RULE 23 CLASS ALLEGATIONS

47. Plaintiffs sue on their own behalf and as the class representatives (hereinafter referred to as the "New York Class Representative") and bring the Second Cause of Action on their own behalf and as a class action, on behalf of those similarly situated, pursuant to Fed. R. Civ. P. 23(a) and (b). The Fed. R. Civ. P. 23 Class is defined as:

> All security guards who are currently or have been employed by the Defendants at JB SECURITY, INC. and who worked greater than 40 hours per week (hereinafter referred to as the "New York Class") without receiving time and a half for hours over 40 each week at any time during the 6 years prior to the filing of their respective consent forms (hereinafter referred to as the "New York Class Period").

48. The persons in the New York Class are so numerous that joinder of all members is impracticable. Although, the precise number of such persons is unknown, and facts upon which the calculation of that number are presently within the sole control of the Defendants, upon information and belief, there are more than 200 members of the New York Class during the New York Class Period.

49. There are questions of law and fact common to the New York Class that predominate over any questions solely affecting individual members of the New York Class, including but not limited to:

    a. Whether Defendants unlawfully failed to pay overtime compensation in violation of and within the meaning of the NYLL;

    b. Whether the New York Class Representative and New York Class are nonexempt from entitlement to overtime compensation for hours worked under the pay requirement of the NYLL;

    c. Whether Defendants failed to keep accurate and complete time records for all hours worked by the New York Class Representative and the New York Class;

    d. Whether Defendants' policy of failing to pay workers was instituted willfully or with reckless disregard of the law;

    e. The proper measure of damages sustained by the New York Class Representative and the New York Class; and

    f. Whether Defendants should be enjoined from such violations in the future.

50. The New York Class Representative will fairly and adequately protect the interests of the New York Class and have no interests antagonistic to the class. The Plaintiffs are represented by attorneys who are experienced and competent in both class litigation and employment litigation.

51. A class is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant. The damages sustained by individual class members are modest compared to the expense and burden of individual prosecution of this litigation. Class action treatment will obviate unduly duplicative litigation and the possibility of inconsistent judgments.

52. Further, the New York Class Representative and the New York Class have been equally affected by Defendants' failure to pay overtime wages. Moreover, members of the New York Class still employed by Defendants may be reluctant to raise individual claims for fear of retaliation.

53. Defendants have acted or refused to act on grounds generally applicable to the New York Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class was a whole.

54. Plaintiffs' claims are typical of those of the class. Plaintiffs and the other class members were subjected to Defendants' policies, practices, programs, procedures, protocols and plans alleged herein concerning the non-payment of overtime wages and the failure to keep adequate records. The job duties of Plaintiffs are typical of those of the class members.

55. The New York Class Representative intends to send notice to all members of the New York Class to the extent required by Rule 23.

## COLLECTIVE ACTION ALLEGATIONS

56. Plaintiffs bring this action on behalf of themselves and other employees similarly situated as authorized under the FLSA, 29 U.S.C. § 216(b). The employees similarly situated are the collective class.

57. Collective Class: All persons who are or have been employed by the Defendants as assistants, stone workers, and installers, or other similarly titled personnel with substantially similar job requirements and pay provisions, who were performing the same sort of functions for Defendants, other than the executive and management positions, who have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay required overtime wage compensation.

58. Upon information and belief, Defendants employed between 50 and 100 employees within the past three years subjected to similar payment structures.

59. Upon information and belief, Defendants suffered and permitted Plaintiffs and the Collective Class to work more than forty hours per week without appropriate overtime compensation.

60. Defendants' unlawful conduct has been widespread, repeated, and consistent.

61. Upon information and belief, Defendant had knowledge that Plaintiffs and the Collective Class performed work requiring overtime pay.

62. Defendants' conduct as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiffs and the Collective Class.

63. Defendants are liable under the FLSA for failing to properly compensate Plaintiffs and the Collective Class, and as such, notice should be sent to the Collective Class. There are numerous similarly situated current and former employees of Defendants who have been denied overtime pay in violation of the FLSA and NYLL, who would benefit from the issuance of a Court-supervised notice of the present lawsuit, and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.

64. The questions of law and fact common to the putative class predominate over any questions affecting only individual members.

65. The claims of Plaintiffs are typical of the claims of the putative class.

66. Plaintiffs and their counsel will fairly and adequately protect the interests of the putative class.

67. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy.

## FIRST CAUSE OF ACTION

### Overtime Wages Under The Fair Labor Standards Act

68. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

69. Plaintiffs have consented in writing to be a party to this action, pursuant to 29 U.S.C. §216(b).

70. At all times relevant to this action, Plaintiffs were engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

71. At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

72. Defendants willfully failed to pay Plaintiffs overtime wages for hours worked in excess of forty (40) hours per week at a wage rate of one and a half (1.5) times the regular wage, to which Plaintiffs were entitled under 29 U.S.C. §§206(a) in violation of 29 U.S.C. §207(a)(1).

73. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made a good effort to comply with the FLSA with respect to the compensation of the Plaintiffs.

74. Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## SECOND CAUSE OF ACTION
### Overtime Wages Under New York Labor Law

75. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

76. At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§2 and 651.

77. Defendants failed to pay Plaintiffs overtime wages for hours worked in excess of forty hours per week at a wage rate of one and a half (1.5) times the regular wage to which Plaintiffs were entitled under New York Labor Law §652, in violation of 12 N.Y.C.R.R. 137-1.3.

78. Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid overtime wages and an amount equal to their unpaid overtime wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NY Labor Law §198(1-a).

## THIRD CAUSE OF ACTION

**Violation of the Notice and Recordkeeping Requirements of the New York Labor Law**

79. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.
80. Defendants failed to provide Plaintiffs with a written notice, in English and in Spanish (Plaintiffs' primary language), of their rate of pay, regular pay day, and such other information as required by NYLL §195(1).
81. Defendants are liable to Plaintiffs in the amount of $5,000.00 per Plaintiff, together with costs and attorneys' fees.

## FOURTH CAUSE OF ACTION

**Violation of the Wage Statement Requirements of the New York Labor Law**

82. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.
83. Defendants failed to provide Plaintiffs with wage statements upon each payment of wages, as required by NYLL §195(3)
84. Defendants are liable to Plaintiffs in the amount of $5,000.00 per Plaintiff, together with costs and attorneys' fees.

## PRAYER FOR RELIEF

**Wherefore**, Plaintiffs respectfully request that judgment be granted:
  a. Declaring Defendants' conduct complained herein to be in violation of the Plaintiffs' rights under the FLSA, the New York Labor Law, and its regulations;
  b. Awarding Plaintiffs unpaid overtime wages;
  c. Awarding Plaintiffs liquidated damages pursuant to 29 U.S.C. §216 and New York Labor Law §§198(1-a), 663(1);
  d. Awarding Plaintiffs prejudgment and post-judgment interest;
  e. Awarding Plaintiffs the costs of this action together with reasonable attorneys' fees; and
  f. Awarding such and further relief as this court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Dated: This 13th day of November 2019.

*/s/ Roman Avshalumov*

Roman Avshalumov, Esq. (RA 5508)
Helen F. Dalton & Associates, PC
80-02 Kew Gardens Road, Suite 601
Kew Gardens, NY 11415
Telephone: 718-263-9591
Fax: 718-263-9598

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---
VICTOR GONZALEZ SOTO, BAIRON ALVAREZ CARO, and ROBERTO VARGAS, individually and on behalf of all others similarly situated,

                        Plaintiffs,

    -against-

YALE TILE & STONE LLC, and FRANCESCO LORENTI, and ANTHONY DATTOLO, as individuals,

                        Defendants.
---

## SUMMONS & COMPLAINT

---

        HELEN F. DALTON & ASSOCIATES, P.C.
              Attorneys for Plaintiffs
           80-02 Kew Gardens Road, Suite 601
            Kew Gardens, NY 11415
             Phone (718) 263-9591
              Fax (718) 263-9598

---

**TO:**

**YALE TILE & STONE LLC**
**120 GLEN HEAD ROAD**
**GLEN HEAD, NEW YORK 11545**

**FRANCESCO LORENTI**
**4 BOWNE STREET**
**GLEN COVE, NEW YORK 11542**

**ANTHONY DATTOLO**
**120 GLEN HEAD ROAD**
**GLEN HEAD, NEW YORK 11545**