

# HELEN F. DALTON & ASSOCIATES, P.C.
## ATTORNEYS AT LAW

80-02 Kew Gardens Road, Suite 601, Kew Gardens, NY 11415
Tel. (718) 263-9591 Fax. (718) 263-9598

January 15, 2021

**Via ECF**

The Honorable Judge Robert M. Levy
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: **Soto, et al. v. Yale Tile & Stone LLC, et al.
19-CV-6407 (RML)**

Dear Judge Levy:

We represent the Plaintiffs in the above-captioned action and submit this letter on behalf of both parties to request the Court's approval of the settlement agreement ("Settlement Agreement"), between the parties. The Settlement Agreement, attached hereto as Exhibit 1, memorializes the agreed upon terms by the parties during their December 11, 2020 telephonic settlement conference before Your Honor.

### The Terms of the Settlement Agreement are Fair and Reasonable

a. The Parties' Positions

Victor Gonzalez Soto, Bairon Alvarez Cano, and Roberto Vargas (collectively, "the Plaintiffs") brought this action against Yale Tile & Stone LLC, Francesco Lorenti, and Anthony Dattolo (collectively, "the Defendants") alleging violations of the Fair Labor Standards Act ("FLSA") and New York Labor Laws ("NYLL"). Specifically, Plaintiffs alleged that, as former employees of the Defendants, that they were not paid proper overtime rates of pay when they worked in excess of forty (40) hours per week.

Each Plaintiff alleged that he was employed for Defendants between three and four years and that each Plaintiff regularly worked approximately forty-eight (48) hours per week. Plaintiffs further alleged that they were paid the same regular hourly rate for all hours worked per week, including those hours in excess of forty hours per week.

Lastly, Plaintiffs claimed that they were entitled to recovery under NYLL §195 for Defendants' alleged failure to provide proper wage notices and wage statements.

Plaintiffs claimed approximately $52,500.00 in unpaid overtime wages, not including liquidated damages or statutory penalties.

Defendants categorically denied all of the allegations in Plaintiffs' Complaint and have raised various defenses throughout this litigation. Further, Defendants' position is that Plaintiffs were properly paid for all hours worked and Defendants maintained accurate records as to Plaintiffs' time worked and pay received. Defendants' position is that they committed no wrongdoing and Plaintiffs were not owed any unpaid wages. Defendants do not believe that Plaintiffs were entitled to any recovery.

### b. The Settlement Amount is Fair and Reasonable

The parties agreed to settle all claims asserted in this action for $60,000.00 pursuant to the payment plan provided in Paragraph 1 of the Settlement Agreement.

FLSA claims may only be settled and dismissed with prejudice under Rule 41 if they are approved by the Court. *Cheeks v. Freeport Pancake House, Inc.,* 796 F.3d 199, 206-207 (2d Cir. 2015). "Courts approve FLSA settlements when they are reached as a result of contested litigation to resolve bona fide disputes." *Kochilas v. Nat'l Merch. Servs., Inc.*, 2015 WL 5821631, at *7 (E.D.N.Y. Oct. 2, 2015) (citation omitted). "Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of settlement." *Id*. (citation omitted). Furthermore, "[i]f the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved." *Id*. (citations omitted).

Therefore, the settlement sum of $60,000.00 reflects a reasonable compromise between the parties' dispute over Defendants' alleged wage and hour violations, and this amount considers the costs and risks of protracted litigation. *Cf., e.g., Beckert v. Ronirubinov*, 2015 U.S. Dist. LEXIS 167052, at *4 (S.D.N.Y. Dec. 14, 2015) (holding that a settlement of approximately 25% of the amount initially sought was a "substantial proportion of the maximum possible recovery" and fair, especially in light of the risks associated with litigation); *Martinez v. Hilton Hotels Corp.*, 2013 U.S. Dist. LEXIS 117738, at *9 (S.D.N.Y. Aug. 20, 2013) (Court found settlement reasonable because, inter alia, it was a "compromise over contested issues" "in light of the unpredictability of the outcome at trial"); *Garcia v. BAE Cleaners Inc.*, 2012 U.S. Dist. LEXIS 51867, at *2 (S.D.N.Y. April 12, 2012) (holding that the settlement fair and reasonable even though the settlement amount was less than the potential liquidated damages awardable under the FLSA because it "reflect[ed] a reasonable compromise over" issues that had been "contested in the litigation").

The parties believe that the settlement amount is fair and reasonable considering Plaintiffs' claims and the defenses maintained by Defendants in this matter and the fact that the terms of the Settlement Agreement were achieved only after two mediation sessions for an experienced neutral and a telephonic settlement conference before the Court. The parties had genuine, bona fide disputes over the number of hours worked by

Plaintiffs, the wages paid to Plaintiffs and the dates of Plaintiffs' employment, but both sides made compromises on their positions in order to achieve a fair and reasonable settlement.

### Requested Attorneys' Fees and Distribution to Plaintiffs

The parties agreed to a global settlement of $60,000.00 to resolve all claims asserted in this action. If the Agreement is approved by the Court, Plaintiffs will recover an aggregate amount of $39,387.00. Each Plaintiff has requested and will receive an equal share of the settlement proceeds in the amount of $13,129.00. Plaintiffs believe that this is an equitable result as it was a unanimous decision by all Plaintiffs and Plaintiffs all worked similar lengths of employment, similar hours and were paid similar rates. The amounts to be received by each Plaintiff are included in Exhibit A of the Settlement Agreement.

Plaintiffs' counsel respectfully requests $920.00 for identifiable expenses, which includes:

- the Eastern District of New York filing fee in this matter: $400.00
- the costs of service on Defendants in this matter: $220.00
- the court-annexed EDNY mediation fee: $300.00

Plaintiff's counsel respectfully requests one-third of the settlement less the expenses ($59,080.00), or $19,693.00 in attorneys' fees, as agreed upon in the Plaintiffs' retainer agreements with this firm. Therefore, if this request is approved, the total amount to be paid to the attorneys for their fees and expenses in this matter is $20,613.00.

**Settlement Amount:** $60,000.00
**Attorneys' Expenses:** $920.00
**Settlement less Expenses:** $59,080.00
**Requested Attorneys' Fees:** $19,693.00 ($59,080.00 / 3)
**Total payable to Attorneys:** $20,613.00 ($19,693.00 + $920.00)
**Total payable to Plaintiffs:** $39,387.00 ($60,000.00 - $20,613.00)

Plaintiffs' attorneys and their clients have a retainer agreement that is reduced to writing and is signed by the client. Attorneys' fees of 33% on FLSA and NYLL claims are routinely approved by courts in the Second Circuit. *See, e.g., Calle v. Elite Specialty Coatings Plus, Inc.,* 2014 U.S. Dist. LEXIS 164069 (E.D.N.Y. Nov. 19, 2014) (approving settlement of FLSA and NYLL claims stating that a "one-third contingency fee is a commonly accepted fee in this Circuit"); *Rangel v. 639 Grand St. Meat & Produce Corp.,* 2013 U.S. Dist. LEXIS 134207 (E.D.N.Y. Sept. 19, 2013). Courts in this District typically approve a fee of one-third or less of the settlement amount. *See Santos v. Yellowstone Props, Inc.*, 2016 WL 2757427 at *4 (S.D.N.Y. May 10, 2016).

This request for attorneys' fees is supported by the work performed by Plaintiffs' counsel throughout the litigation and the recovery secured through their efforts. Plaintiffs' counsel has zealously advocated for their clients throughout the litigation process and

believe that the settlement amount secured is a product of their efforts. Furthermore, the fee requested is reasonable in relation to the recovery received by Plaintiffs.

### **Closing**

In closing, the parties believe that the settlement amount and the terms of the Agreement are fair and reasonable. The settlement was the product of approximately one year of negotiations and the terms of the Settlement Agreement comport with Second Circuit case law. As such, we respectfully request that the Court approve the Agreement. We thank Your Honor for his consideration and remain available to provide any additional information.

Respectfully submitted,

*James O'Donnell*
James O'Donnell, Esq.
*Attorney for Plaintiffs*