## AGREEMENT AND RELEASE

This Agreement and Release ("Agreement") sets forth the mutual understanding between **VICTOR GONZALEZ SOTO, BAIRON ALVAREZ CARO, and ROBERTO VARGAS** (hereinafter referred to as "Plaintiffs") and **YALE TILE & STONE LLC, FRANCESCO LORENTI and ANTHONY DATTOLO** (hereinafter collectively referred to as "Defendants"), regarding Plaintiffs' employment and the settlement of any and all claims Plaintiffs have or may have against Defendants.

**WHEREAS,** Plaintiffs have commenced an action against Defendants in the Eastern District of New York, United States District Court, bearing Docket No.: **19-CV-6407** alleging wage and hour violations under the Federal Labor Standards Act and New York Labor Law.

**WHEREAS,** Defendants deny that they failed to pay Plaintiffs all wages owed to them;

**WHEREAS,** Defendants do not admit any violation of law or any liability to Plaintiffs;

**WHEREAS,** Plaintiffs and Defendants mutually desire to settle and resolve all disputes and differences between them, on the terms and conditions hereinafter set forth;

**NOW, THEREFORE,** in consideration of the mutual promises contained in this Agreement, Defendants and Plaintiffs, having been represented by counsel, have independently concluded that it is in their respective best interests to do so, agree as follows:

**1.** **Payment**

In lieu of incurring further litigation costs associated with defending the action commenced against them by Plaintiffs and in consideration for Plaintiffs' execution of this Agreement, which includes a release, Defendants agree to the following payment terms:

a. Defendants shall cause Plaintiffs to be paid the gross sum of sixty thousand dollars ($60,000.00) inclusive of attorneys' fees and costs ("Settlement Funds"), payable as follows:

i. **On or before January 15, 2021**, Defendants shall provide payment of twenty thousand dollars ($20,000.00). See payment schedule attached hereto as Exhibit A for allocation of payment. Defendants shall issue separate checks for each Plaintiff and Helen F. Dalton & Associates, P.C., as attorneys for Plaintiffs.

ii. **On or before February 15, 2021,** Defendants shall provide payment of five thousand dollars ($5,000.00). See payment schedule attached hereto as Exhibit A for allocation of payment. Defendants shall issue separate checks for each Plaintiff and Helen F. Dalton & Associates, P.C., as attorneys for Plaintiffs.

1

iii. **On or before March 15, 2021,** Defendants shall provide payment of five thousand dollars ($5,000.00). See payment schedule attached hereto as Exhibit A for allocation of payment. Defendants shall issue separate checks for each Plaintiff and Helen F. Dalton & Associates, P.C., as attorneys for Plaintiffs.

iv. **On or before April 15, 2021,** Defendants shall provide payment of five thousand dollars ($5,000.00). See payment schedule attached hereto as Exhibit A for allocation of payment. Defendants shall issue separate checks for each Plaintiff and Helen F. Dalton & Associates, P.C., as attorneys for Plaintiffs.

v. **On or before May 15, 2021,** Defendants shall provide payment of five thousand dollars ($5,000.00). See payment schedule attached hereto as Exhibit A for allocation of payment. Defendants shall issue separate checks for each Plaintiff and Helen F. Dalton & Associates, P.C., as attorneys for Plaintiffs.

vi. **On or before June 15, 2021,** Defendants shall provide payment of five thousand dollars ($5,000.00). See payment schedule attached hereto as Exhibit A for allocation of payment. Defendants shall issue separate checks for each Plaintiff and Helen F. Dalton & Associates, P.C., as attorneys for Plaintiffs.

vii. **On or before July 15, 2021,** Defendants shall provide payment of five thousand dollars ($5,000.00). See payment schedule attached hereto as Exhibit A for allocation of payment. Defendants shall issue separate checks for each Plaintiff and Helen F. Dalton & Associates, P.C., as attorneys for Plaintiffs.

viii. **On or before August 15, 2021,** Defendants shall provide payment of five thousand dollars ($5,000.00). See payment schedule attached hereto as Exhibit A for allocation of payment. Defendants shall issue separate checks for each Plaintiff and Helen F. Dalton & Associates, P.C., as attorneys for Plaintiffs.

ix. **On or before September 15, 2021,** Defendants shall provide payment of five thousand dollars ($5,000.00). See payment schedule attached hereto as Exhibit A for allocation of payment. Defendants shall issue separate checks for each Plaintiff and Helen F. Dalton & Associates, P.C., as attorneys for Plaintiffs.

b. All Settlement Funds will be provided to the Helen F. Dalton & Associates, P.C., 80-02 Kew Gardens Road, Suite 601, Kew Gardens, New York 11415.

c. In the event that this Agreement is not approved by the Court prior to any of the payment dates identified in Paragraph 1(a)(i-ix), Defendants shall provide those payments to Plaintiffs' counsel on the applicable due date and Plaintiffs' counsel will hold those payments in escrow until the Court has issued an approval of the Settlement Agreement.

2. **Stipulation of Dismissal**

Plaintiffs shall file a Stipulation and Order of Dismissal With Prejudice ("Stipulation of Dismissal") upon receipt of the first payment of $20,000.00 as specified in Paragraph 1(A)(i). Notwithstanding Plaintiffs' filing of the Stipulation of Dismissal, the parties agree that this Court will retain jurisdiction over this matter in the event either party defaults with respect to their obligations under the Agreement and to enforce the terms of the Agreement.

3. **Confessions of Judgment**

   a. Upon signing of this settlement agreement, Defendants shall execute and provide original signed versions of the Confessions of Judgment in the amount of ninety thousand dollars ($90,000.00) (attached hereto as Exhibit B), less any amounts previously paid pursuant to this Agreement, and counsel for the Plaintiffs, Helen F. Dalton & Associates, P.C., shall hold the Confession of Judgment in escrow pending the entire payment of the funds set forth in Paragraph 1.

   b. In the event Defendants are in default of any of the payments in Paragraph 1 of this Agreement, Plaintiff shall provide ten (10) calendar days written notice to Defendants via email sent to Mitchell Carlinsky, Esq. email: mcarlinsky@cdplawyers.com, of the default. If Defendants do not cure the defect within ten (10) calendar days of receipt of the notice, then all settlement monies owed under this Agreement shall be immediately due in their entirety.

   c. In the event of such a default and entry of such judgment as described above, Defendants agree to pay and be indebted to Plaintiffs for statutory costs, reasonable attorneys' fees incurred in the process of entering and enforcing the judgment, and interest on the judgment.

   d. Upon payment of the entire Settlement Funds outlined in Paragraph 1, Plaintiffs shall return the Confessions of Judgment to Defendants' counsel or confirm that the Confessions of Judgment has been destroyed.

4. **Settlement of Claims**

Except as otherwise stated, upon execution of this Agreement, all claims brought under the Complaint (**Docket No.: 19-CV-6407**) by Plaintiffs against Defendants, including claims for wages, liquidated damages, retaliation and attorneys' fees and without admission that Plaintiffs have established that any such claims have any merit or that Plaintiffs have incurred any damages, shall be deemed settled, satisfied and resolved.

5. **Non-Admission**

This Agreement does not constitute an admission that Defendants have violated any law, committed any tort, breached or committed any wrongdoing whatsoever and Plaintiffs expressly

acknowledge that Defendants continue to deny any wrongdoing arising out of Plaintiffs' employment and separation thereof.

### 6. Representations

Plaintiffs understand and agree that they have been advised to consult with an attorney before signing this Agreement.

### 7. Release

In consideration of the payments to be provided by Defendants as described in the Agreement, Plaintiffs, for themselves and their heirs, executors, administrators and his respective successors and assigns, **HEREBY RELEASE AND FOREVER DISCHARGE**, to the maximum extent permitted by law, Defendants, any insurers of Defendants, and Defendants' respective parent corporations, stockholders, subsidiaries, affiliates, divisions, successors and assigns, their respective current and former officers, owners, directors, employees, trustees, agents, whether as individuals or in their official capacity, and each of their respective successors and assigns, attorneys, and its current and former officers, owners, directors, employees, trustees, agents, whether as individuals or in their official capacity, and each of their respective successors and assigns of and from all or any manner of actions, causes and causes of action, suits, debts, obligations, damages, complaints, liabilities, losses, covenants, contracts, controversies, agreements, promises, and expenses (including attorneys' fees and costs), extents, executions, claims and demands whatsoever at law or in equity ("claims"), which were alleged in the Complaint filed in this action, specifically including Federal Labor Standards Act and New York Labor Law, and its associated regulations concerning unpaid wages, record-keeping violations and failure to provide proper wage statements, which Plaintiffs ever had or now have against the Defendants.

### 8. Attorneys' Fees

Except as otherwise stated, the parties expressly agree to bear their own attorneys' fees, costs and disbursements incurred in this litigation. Further, no party shall be responsible or liable for the payment of any attorneys' fees for the other party.

### 9. Acknowledgment

Plaintiffs acknowledge that they are receiving consideration under this Agreement which represents a fair settlement of their claims. Plaintiffs and Defendants acknowledge that they were represented by counsel of their own choosing throughout the negotiation and the execution of the Agreement. Plaintiffs and Defendants further represent that they had sufficient opportunity to consider this Agreement; that they read this Agreement fully and carefully and understand its terms; and that they are signing it knowingly and voluntarily.

**10.     Jurisdiction**

The parties respectfully request that this Court, the United States District Court for the Eastern District of New York and The Honorable Judge Robert M. Levy, retain jurisdiction to enforce the terms of this settlement until payment of the Settlement Funds outlined in Paragraph 1 is made in its entirety or in the event of a default of this Agreement by either party.

**11.     Oral Modifications Prohibited**

This Agreement represents the entire agreement between Plaintiffs and Defendants with respect to Plaintiffs' employment with Defendants. This Agreement cannot be amended, supplemented, or modified nor may any provision be waived, except by a written instrument executed by the party against whom enforcement of any such amendment, supplement, modification or waiver is sought.

**12.     Enforcement of the Agreement**

This Agreement shall be governed by the law of the State of New York, without regard to the choice-of-law or conflicts-of-law principles of any jurisdiction.

**13.     Effective Date**

This Agreement and Release shall become effective immediately upon execution.

**14.     Counterparts**

This Agreement may be executed on multiple counterparts, each of which shall be considered an original but all of which will constitute one (1) Agreement.

**[THE REMAINDER OF THIS PAGE IS LEFT INTENTIONALLY BLANK]**

**PLAINTIFFS:**

_____
victor f.gonzalez soto (Jan 12, 2021 13:35 EST)
**VICTOR GONZALEZ SOTO**

Date: 1/12/21

_____
Bairon alvarez caro (Jan 12, 2021 13:18 EST)
**BAIRON ALVAREZ CARO**

Date: 1/12/21

_____
Roberto Vargas (Jan 12, 2021 14:10 EST)
**ROBERTO VARGAS**

Date: 1/12/21


**DEFENDANTS:**

**YALE TILE & STONE LLC**


_____
**FRANCESCO LORENTI, Agent Authorized to sign on behalf of YALE TILE & STONE LLC**

Date:_____


_____
**FRANCESCO LORENTI, as an individual**

Date:_____


_____
**ANTHONY DATTOLO, as an individual**

Date:_____

6

**PLAINTIFFS:**

_____
**VICTOR GONZALEZ SOTO**

Date:_____


_____
**BAIRON ALVAREZ CARO**

Date:_____


_____
**ROBERTO VARGAS**

Date:_____


**DEFENDANTS:**

**YALE TILE & STONE LLC**

_/s/ Francesco Lorenti_
FRANCESCO LORENTI, Agent Authorized to sign on behalf of YALE TILE & STONE LLC

Date: 1/13/21

_/s/ Francesco Lorenti_
FRANCESCO LORENTI, as an individual

Date: 1/13/21

_/s/ Anthony Dattolo_
ANTHONY DATTOLO, as an individual

Date: 1/13/21

6

# EXHIBIT A

| EXHIBIT A: SETTLEMENT ALLOCATIONS | |
|---|---|
| Settlement amount: $60,000.00 | |
| Expenses: $920.00 | |
| Remainder: $59,080.00 | |
| | |
| Attorneys Fees: $59,080.00 / 3 = $19,693.00 | |
| Total paid to Attorneys: $19,693.00 + $920.00 = **$20,613.00** | |
| | |
| Total payable to Plaintiff Victor Gonzalez Soto | $13,129.00 |
| Total payable to Plaintiff Bairon Alvarez Caro | $13,129.00 |
| Total payable to Plaintiff Roberto Vargas | $13,129.00 |
| | |
| First Installment of $20,000.00: | |
| Victor Gonzalez Soto | $ 4,376.33 |
| Bairon Alvarez Caro | $ 4,376.33 |
| Roberto Vargas | $ 4,376.33 |
| Helen F. Dalton & Associates, P.C. | $ 6,871.00 |
| | |
| | |
| Each of 8 Installments of $5,000.00: | |
| Victor Gonzalez Soto | $ 1,094.09 |
| Bairon Alvarez Caro | $ 1,094.09 |
| Roberto Vargas | $ 1,094.09 |
| Helen F. Dalton & Associates, P.C. | $ 1,717.75 |
| | |

# EXHIBIT B

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
VICTOR GONZALEZ SOTO, BAIRON ALVAREZ CARO,
and ROBERTO VARGAS, individually and on behalf of all
others similarly situated,

                              Plaintiffs,

      -against-

YALE TILE & STONE LLC, and FRANCESCO LORENTI,
and ANTHONY DATTOLO, as individuals,

                              Defendants.
------------------------------------------------------------------------X

**CONFESSION OF JUDGMENT**

19-CV-6407

I, FRANCESCO LORENTI, being duly sworn, deposes and says:

1. I am an individual Defendant and an agent of the corporate Defendant, YALE TILE & STONE LLC, in the above action.

2. I reside at _75 Porter Place Glen Cove NY 11542_
                    (Home Address, City, State, Zip Code)

3. I, as an individual, hereby confesses judgment in this Court in favor of the Plaintiffs for the sum of ninety thousand dollars ($90,000.00) in this matter, less any amounts paid in accordance with the amicable resolution of an action between these parties pending in the Eastern District of New York bearing Docket No. 19-CV-6407 (the "Litigation") and hereby authorizes Plaintiffs or their heirs, executors, administrators, or assigns to enter judgment for that sum against FRANCESCO LORENTI.

4. I, as an authorized agent of YALE TILE & STONE LLC, hereby confesses judgment in this Court in favor of the Plaintiffs, for the sum of ninety thousand dollars ($90,000.00) in this matter, less any amounts paid in accordance with the amicable resolution of an action between these parties pending in the Eastern District of New York bearing Docket No. 19-CV-6407 (the "Litigation") and hereby authorizes Plaintiffs or their heirs, executors, administrators, or assigns to enter judgment for that sum against YALE TILE & STONE LLC.

5. This confession of judgment is for a debt justly due to the Plaintiffs arising out of the following facts:

Plaintiffs commenced the Litigation pursuant to the Fair Labor Standards Act and the New York Labor Law, alleging that Defendants (as Plaintiffs' employer) allegedly failed to pay proper overtime wages when Plaintiffs allegedly worked over 40 hours in a particular work week. Defendants denied and continue to deny that Plaintiffs are entitled to any recovery against Defendants. The Litigation was amicably resolved, by the Defendants agreeing to pay a total of sixty thousand dollars ($60,000.00) pursuant to the following payment schedule:

i. **On or before January 15, 2021**, Defendants shall provide payment of twenty thousand dollars ($20,000.00). See payment schedule attached hereto as Exhibit A for allocation of payment. Defendants shall issue separate checks for each Plaintiff and Helen F. Dalton & Associates, P.C., as attorneys for Plaintiffs.

ii. **On or before February 15, 2021,** Defendants shall provide payment of five thousand dollars ($5,000.00). See payment schedule attached hereto as Exhibit A for allocation of payment. Defendants shall issue separate checks for each Plaintiff and Helen F. Dalton & Associates, P.C., as attorneys for Plaintiffs.

iii. **On or before March 15, 2021,** Defendants shall provide payment of five thousand dollars ($5,000.00). See payment schedule attached hereto as Exhibit A for allocation of payment. Defendants shall issue separate checks for each Plaintiff and Helen F. Dalton & Associates, P.C., as attorneys for Plaintiffs.

iv. **On or before April 15, 2021,** Defendants shall provide payment of five thousand dollars ($5,000.00). See payment schedule attached hereto as Exhibit A for allocation of payment. Defendants shall issue separate checks for each Plaintiff and Helen F. Dalton & Associates, P.C., as attorneys for Plaintiffs.

v. **On or before May 15, 2021,** Defendants shall provide payment of five thousand dollars ($5,000.00). See payment schedule attached hereto as Exhibit A for allocation of payment. Defendants shall issue separate checks for each Plaintiff and Helen F. Dalton & Associates, P.C., as attorneys for Plaintiffs.

vi. **On or before June 15, 2021,** Defendants shall provide payment of five thousand dollars ($5,000.00). See payment schedule attached hereto as Exhibit A for allocation of payment. Defendants shall issue separate checks for each Plaintiff and Helen F. Dalton & Associates, P.C., as attorneys for Plaintiffs.

vii. **On or before July 15, 2021,** Defendants shall provide payment of five thousand dollars ($5,000.00). See payment schedule attached hereto as Exhibit A for allocation of payment. Defendants shall issue separate checks for each Plaintiff and Helen F. Dalton & Associates, P.C., as attorneys for Plaintiffs.

viii. **On or before August 15, 2021,** Defendants shall provide payment of five thousand dollars ($5,000.00). See payment schedule attached hereto as Exhibit A

for allocation of payment. Defendants shall issue separate checks for each Plaintiff and Helen F. Dalton & Associates, P.C., as attorneys for Plaintiffs.

ix. **On or before September 15, 2021,** Defendants shall provide payment of five thousand dollars ($5,000.00). See payment schedule attached hereto as Exhibit A for allocation of payment. Defendants shall issue separate checks for each Plaintiff and Helen F. Dalton & Associates, P.C., as attorneys for Plaintiffs.

6. In the event Defendants are in default of any of the above payments, Plaintiff shall provide ten (10) calendar days written notice to Defendants via email sent to **Mitchell Carlinsky, Esq.** email: **mcarlinsky@cdplawyers**.com, of the default. If Defendants do not cure the defect within ten (10) calendar days of receipt of the notice then all settlement monies owed under this Agreement shall be immediately due in their entirety.

7. In the event of such a default and entry of such judgment as described above, Defendants agree to pay and be indebted to Plaintiffs for statutory costs, reasonable attorneys' fees incurred in the process of entering and enforcing the judgment, and interest on the judgment. Defendants shall be jointly and severally liable for the amounts set forth in this Confession of Judgment.

8. This confession of judgment is not for the purpose of securing the plaintiff against a contingent liability, nor is it based upon a consumer credit transaction.

_____
FRANCESCO LORENTI, as an individual

Date: 1/13/21

Sworn to before me this
13th day of Jan, 2021

_____
Notary Public

AUBREY L. CAPOBIANCO
Notary Public, State of New York
No. 01CA6113222
Qualified in Nassau County
Term Expires July 26, 2024

_____
FRANCESCO LORENTI, as an agent authorized to execute on behalf of YALE TILE & STONE LLC

Date: 1/13/21

Sworn to before me this
13 day of JAN, 2021

_____
Notary Public

AUDREY L. CAPOBIANCO
Notary Public, State of New York
No. 01CA6113222
Qualified in Nassau County
Term Expires July 26, 2024

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------X
VICTOR GONZALEZ SOTO, BAIRON ALVAREZ CARO,
and ROBERTO VARGAS, individually and on behalf of all
others similarly situated,

                        Plaintiffs,

    -against-

YALE TILE & STONE LLC, and FRANCESCO LORENTI,
and ANTHONY DATTOLO, as individuals,

                        Defendants.
-----------------------------------------------------------------X

**CONFESSION OF JUDGMENT**

19-CV-6407

I, ANTHONY DATTOLO, being duly sworn, deposes and says:

1. I am an individual Defendant and an agent of the corporate Defendant, ANTHONY DATTOLO, in the above action.

2. I reside at ___15 Whitney Circle, Glen Cove NY 11542___
               (Home Address, City, State, Zip Code)

3. I, as an individual, hereby confesses judgment in this Court in favor of the Plaintiffs for the sum of ninety thousand dollars ($90,000.00) in this matter, less any amounts paid in accordance with the amicable resolution of an action between these parties pending in the Eastern District of New York bearing Docket No. 19-CV-6407 (the "Litigation") and hereby authorizes Plaintiffs or their heirs, executors, administrators, or assigns to enter judgment for that sum against ANTHONY DATOLLO.

4. I, as an authorized agent of YALE TILE & STONE LLC, hereby confesses judgment in this Court in favor of the Plaintiffs, for the sum of ninety thousand dollars ($90,000.00) in this matter, less any amounts paid in accordance with the amicable resolution of an action between these parties pending in the Eastern District of New York bearing Docket No. 19-CV-6407 (the "Litigation") and hereby authorizes Plaintiffs or their heirs, executors, administrators, or assigns to enter judgment for that sum against YALE TILE & STONE LLC.

5. This confession of judgment is for a debt justly due to the Plaintiffs arising out of the following facts:

Plaintiffs commenced the Litigation pursuant to the Fair Labor Standards Act and the New York Labor Law, alleging that Defendants (as Plaintiffs' employer) allegedly failed to pay proper overtime wages when Plaintiffs allegedly worked over 40 hours in a particular work week. Defendants denied and continue to deny that Plaintiffs are entitled to any recovery against Defendants. The Litigation was amicably resolved, by the Defendants agreeing to pay a total of sixty thousand dollars ($60,000.00) pursuant to the following payment schedule:

i. **On or before January 15, 2021**, Defendants shall provide payment of twenty thousand dollars ($20,000.00). See payment schedule attached hereto as Exhibit A for allocation of payment. Defendants shall issue separate checks for each Plaintiff and Helen F. Dalton & Associates, P.C., as attorneys for Plaintiffs.

ii. **On or before February 15, 2021,** Defendants shall provide payment of five thousand dollars ($5,000.00). See payment schedule attached hereto as Exhibit A for allocation of payment. Defendants shall issue separate checks for each Plaintiff and Helen F. Dalton & Associates, P.C., as attorneys for Plaintiffs.

iii. **On or before March 15, 2021,** Defendants shall provide payment of five thousand dollars ($5,000.00). See payment schedule attached hereto as Exhibit A for allocation of payment. Defendants shall issue separate checks for each Plaintiff and Helen F. Dalton & Associates, P.C., as attorneys for Plaintiffs.

iv. **On or before April 15, 2021,** Defendants shall provide payment of five thousand dollars ($5,000.00). See payment schedule attached hereto as Exhibit A for allocation of payment. Defendants shall issue separate checks for each Plaintiff and Helen F. Dalton & Associates, P.C., as attorneys for Plaintiffs.

v. **On or before May 15, 2021,** Defendants shall provide payment of five thousand dollars ($5,000.00). See payment schedule attached hereto as Exhibit A for allocation of payment. Defendants shall issue separate checks for each Plaintiff and Helen F. Dalton & Associates, P.C., as attorneys for Plaintiffs.

vi. **On or before June 15, 2021,** Defendants shall provide payment of five thousand dollars ($5,000.00). See payment schedule attached hereto as Exhibit A for allocation of payment. Defendants shall issue separate checks for each Plaintiff and Helen F. Dalton & Associates, P.C., as attorneys for Plaintiffs.

vii. **On or before July 15, 2021,** Defendants shall provide payment of five thousand dollars ($5,000.00). See payment schedule attached hereto as Exhibit A for allocation of payment. Defendants shall issue separate checks for each Plaintiff and Helen F. Dalton & Associates, P.C., as attorneys for Plaintiffs.

viii. **On or before August 15, 2021,** Defendants shall provide payment of five thousand dollars ($5,000.00). See payment schedule attached hereto as Exhibit A

for allocation of payment. Defendants shall issue separate checks for each Plaintiff and Helen F. Dalton & Associates, P.C., as attorneys for Plaintiffs.

ix. **On or before September 15, 2021,** Defendants shall provide payment of five thousand dollars ($5,000.00). See payment schedule attached hereto as Exhibit A for allocation of payment. Defendants shall issue separate checks for each Plaintiff and Helen F. Dalton & Associates, P.C., as attorneys for Plaintiffs.

6. In the event Defendants are in default of any of the above payments, Plaintiff shall provide ten (10) calendar days written notice to Defendants via email sent to **Mitchell Carlinsky, Esq.** email: **mcarlinsky@cdplawyers**.com, of the default. If Defendants do not cure the defect within ten (10) calendar days of receipt of the notice then all settlement monies owed under this Agreement shall be immediately due in their entirety.

7. In the event of such a default and entry of such judgment as described above, Defendants agree to pay and be indebted to Plaintiffs for statutory costs, reasonable attorneys' fees incurred in the process of entering and enforcing the judgment, and interest on the judgment. Defendants shall be jointly and severally liable for the amounts set forth in this Confession of Judgment.

8. This confession of judgment is not for the purpose of securing the plaintiff against a contingent liability, nor is it based upon a consumer credit transaction.

_____
ANTHONY DATOLLO, as an individual

Date: 1/13/21

Sworn to before me this
13th day of Jan., 2021

_____
Notary Public

AUDREY L. CAPOBIANCO
Notary Public, State of New York
No. 01CA6113222
Qualified in Nassau County
Term Expires July 26, 2024

*[signature]*

ANTHONY DATOLLO, as an agent authorized to execute on behalf of YALE TILE & STONE LLC

Date: 1/13/21

Sworn to before me this
13th day of Jan., 2021

*[signature]*
Notary Public

AUDREY L. CAPOBIANCO
Notary Public, State of New York
No. 01CA6113222
Qualified in Nassau County
Term Expires July 26, 20